## TROMBLEY *v.* CANNON.

MORTGAGES—DISCHARGE—NEW MORTGAGE—TENDER.

Where complainants exchanged land with a mortgagor, and the mortgagee agreed, in consideration of five dollars, to discharge his mortgage, and accept one for the same amount on the land received by the mortgagor from complainants, the mortgagee could not be compelled to discharge his mortgage until the new one had been tendered.

Appeal from Lenawee; Chester, J.  Submitted May 13, 1903.  (Docket No. 64.)  Decided September 22, 1903.

Bill by Joseph Trombley and Maggie Trombley against James Cannon to compel the discharge of a mortgage.  From a decree for complainants, defendant appeals.  Reversed.

Complainants, husband and wife, made an exchange of lands by deed with one Sarah J. Chase.  Mrs. Chase conveyed to complainants, as tenants by the entirety, by warranty deed.  Prior to the exchange, Mrs. Chase had given a small mortgage to defendant.  The bill alleges that Mr. Cannon, for and in consideration of five dollars paid to him by Mrs. Chase, agreed with the parties to discharge the mortgage upon the lands conveyed by Mrs. Chase, and to accept in lieu thereof a mortgage from Mrs. Chase upon the lands conveyed to her; that the deeds were exchanged upon this understanding and agreement with defendant; and that defendant, Cannon, afterwards refused to discharge the mortgage upon complainants' lands.  The purpose of the bill is to obtain a discharge of said mortgage.  Proofs were taken in open court, and decree entered that the lands of complainants be relieved from the lien of said mortgage.

134 Mich.—27.

*William M. Long* and *Watts, Smith & Baldwin,* for complainants.

*John O. Zabel* and *Willis Baldwin,* for defendant.

GRANT, J. *(after stating the facts).* It is conceded that defendant agreed to discharge the mortgage on the land to be conveyed to complainants, and to accept in lieu thereof a mortgage on the other land. He did not, however, agree to discharge the one until he had received the other. The complainants and Mrs. Chase exchanged deeds, without the tender to defendant of a mortgage executed by Mrs. Chase. Until this was done, no obligation rested upon defendant to discharge the other mortgage. He was then, and always has been, ready to carry out the agreement. All the parties agreed to meet at a certain time and place to execute the papers. Defendant went, but complainants and Mrs. Chase were not there. Defendant instructed the scrivener, upon whom the parties had agreed to draw the papers, to see that the new mortgage was executed. Complainants and Mrs. Chase afterwards came, and the deeds were executed, but the mortgage was not. The scrivener was not the general agent of defendant, and had no authority to waive the execution of the mortgage by Mrs. Chase. Defendant has not been guilty of laches in not proceeding to secure a mortgage from her. He was under no obligation to do so.

Decree reversed, and bill dismissed, with the costs of both courts.

The other Justices concurred.